**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIESHANAY QUENISE FORD,

Defendant - Appellant.

No. 23-1022

D.C. No.
2:22-cr-00200-PA-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 12, 2024
Pasadena, California

Before: GOULD, NGUYEN, and FORREST, Circuit Judges.[**]

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        Judge Ikuta, who died on December 7, 2025, was originally a member of the panel in this case. Judge Anello, a United States District Judge for the Southern District of California sitting by designation, was also originally a member of the panel and retired in October 2025. In accordance with General Order 3.2(h), Judges Gould and Forrest were drawn as replacement judges. Judges Gould and Forrest have read the briefs, reviewed the record, and listened to oral argument.

Brieshanay Quenise Ford appeals her conviction and 30-month sentence for possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

The district court did not err in denying Ford's motion to dismiss the indictment based on outrageous government conduct. We review the district court's ultimate decision de novo and its factual findings for clear error. *United States v. Black*, 733 F.3d 294, 301 (9th Cir. 2013). Neither state nor federal law enforcement "creat[ed]," "encourage[d]," or "participat[ed] in" the conduct for which Ford was convicted, which weighs against a finding of outrageous government conduct. *United States v. Pedrin*, 797 F.3d 792, 796 (9th Cir. 2015) (citation omitted). Moreover, the district court did not clearly err in concluding that FBI Special Agent Corcoran did not know about LAPD Detective Vinton's threats. Even if Vinton's conduct were outrageous, it would not taint the conduct of federal law enforcement officials who did not know about that conduct. *Cf. United States v. Robison*, 644 F.2d 1270, 1273 (9th Cir. 1981) (indicating that vindictive prosecution by one sovereign did not taint the prosecution by a separate sovereign).

The district court did not abuse its discretion in denying Ford's motion to dismiss the indictment based on its inherent authority. *See United States v. Dominguez-Caicedo*, 40 F.4th 938, 950 (9th Cir. 2022). "[W]e have inherent supervisory powers to order dismissal of prosecutions for only three legitimate

reasons: (1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct." *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995). Because Vinton's conduct cannot be imputed to federal officials, the federal prosecution of Ford did not violate any statutory or constitutional right, rely on improper considerations, or involve illegal conduct.

The district court did not err in denying Ford's motion to dismiss based on selective enforcement under any standard of review. *See United States v. Culliton*, 328 F.3d 1074, 1080 (9th Cir. 2003) (per curiam) (noting ambiguity in caselaw regarding standard of review, but holding that defendant had no viable selective-prosecution claim under any standard of review). Ford failed to meet her burden of showing that the federal government's enforcement of § 922(g)(1) had a discriminatory effect because she did not adduce any evidence that federal officers refrained from enforcing federal felon-in-possession laws against similarly situated defendants. *See Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc). Accordingly, the district court also did not abuse its discretion in denying Ford further discovery on this claim. *Cf. United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018).

Ford's arguments that § 922(g)(1) is unconstitutional are foreclosed under

our precedent. *See United States v. Duarte*, 137 F.4th 743, 748 (9th Cir. 2025) (en banc), *cert. denied*, --- S.Ct. ----, 2026 WL 135692 (U.S. Jan. 20, 2026). *Duarte* held that "§ 922(g)(1) is not unconstitutional as applied to non-violent felons" like Ford, who had been convicted of engaging in vandalism, being a felon in possession of a firearm, evading a peace officer, and being in possession of a controlled substance for sale. *Id.* Therefore, under the arguments Ford presented, § 922(g)(1) is not unconstitutional facially or as applied to Ford, even if her convictions were non-violent. *See id.*

Ford's within-Guidelines 30-month sentence is neither procedurally nor substantively unreasonable. The district court referred generally to the number of mass shootings in the United States and the relationship between illegal guns and gun violence to underscore the seriousness of Ford's offense, and did not rely on this factual background as the basis for its sentence. Therefore, the district court did not plainly err by failing to disclose "all relevant factual information to the defendant" before sentencing. *See United States v. Warr*, 530 F.3d 1152, 1162 (9th Cir. 2008) (citation omitted); Fed. R. Crim. P. 32(i)(1)(C). The sentence was also substantively reasonable. The district court weighed the relevant factors on the record, *see* 28 U.S.C. § 3553(a), including Ford's mitigating evidence of trauma and addiction and her recovery. The court was not required to consider whether Ford would have received a lower sentence in state court. *Cf. Carty v. United*

*States*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Therefore, the district court did not abuse its discretion in imposing a 30-month custodial sentence. *See id.* at 988.

**AFFIRMED.**